The Honorable Wayne Goode Senator, District 13 State Capitol Building, Room 334 Jefferson City, Missouri 65101
Dear Senator Goode:
This opinion is in response to your question asking:
 When a subdivision has been established within a city to provide certain governmental functions that may otherwise be provided by the city had the subdivision not been established and are, in fact, being provided by the city to other areas of that city where a subdivision is not in place, is the revenue raising authority of the subdivision trustees limited by Article 10, Section 22 of the constitution?
You have provided the following facts as being relevant to your question:
 A subdivision was established by the original lot owners of an area within a city. The subdivision indenture authorizes the trustees to assess a 50 cent per front foot assessment. It also authorizes additional assessments for specific purposes such as street improvements and care of subdivision owned property. The subdivision indenture provides further that the 50 cent per front foot annual assessment can be increased by a 2/3 vote of the trustees. The trustees have increased the assessment without voter approval.
Article X, Section 22 of the Missouri Constitution, which was adopted as part of what is commonly referred to as the Hancock Amendment, provides:
 Section 22. Political subdivisions to receive voter approval for increases in taxes and fees — rollbacks may be required — limitation not applicable to taxes for bonds. (a). Counties and other political subdivisions are hereby prohibited from levying any tax, license or fees, not authorized by law, charter or self-enforcing provisions of the constitution when this section is adopted or from increasing the current levy of an existing tax, license or fees, above that current levy authorized by law or charter when this section is adopted without the approval of the required majority of the qualified voters of that county or other political subdivision voting thereon. If the definition of the base of an existing tax, license or fees, is broadened, the maximum authorized current levy of taxation on the new base in each county or other political subdivision shall be reduced to yield the same estimated gross revenue as on the prior base. If the assessed valuation of property as finally equalized, excluding the value of new construction and improvements, increases by a larger percentage than the increase in the general price level from the previous year, the maximum authorized current levy applied thereto in each county or other political subdivision shall be reduced to yield the same gross revenue from existing property, adjusted for changes in the general price level, as could have been collected at the existing authorized levy on the prior assessed value.
 (b) The limitations of this section shall not apply to taxes imposed for the payment of principal and interest on bonds or other evidence of indebtedness or for the payment of assessments on contract obligations in anticipation of which bonds are issued which were authorized prior to the effective date of this section. [Emphasis added.]
Article X, Section 15 of the Missouri Constitution defines "other political subdivision" as follows:
 Section 15. Definition of "other political subdivision". The term "other political subdivision," as used in this article, shall be construed to include townships, cities, towns, villages, school, road, drainage, sewer and levee districts and any other public subdivision, public corporation or public quasi-corporation having the power to tax.
In discussing the power to tax, Article X, Section 1 of the Missouri Constitution states:
 Section 1. Taxing power — exercise by state and local governments. The taxing power may be exercised by the general assembly for state purposes, and by counties and other political subdivisions under power granted to them by the general assembly for county, municipal and other corporate purposes.
A subdivision trust has no power to tax granted by the General Assembly. Therefore, the subdivision trust is not a political subdivision as defined in Article X, Section 15.
In Attorney General Opinion Letter No. 25-87, a copy of which is enclosed, we concluded that a subdivision trust Board of Trustees is not a public governmental body as defined in Chapter 610, RSMo, the Sunshine Law. The analysis in Opinion Letter No. 25-87 also leads to the conclusion that a subdivision trust is not a political subdivision.
Because Article X, Section 22 only applies to counties or other political subdivisions and because a subdivision trust is not a county or other political subdivision, Article X, Section 22 does not apply to the subdivision trust. Therefore, the revenue-raising authority of subdivision trustees is not limited by Article X, Section 22 of the Missouri Constitution.
CONCLUSION
It is the opinion of this office that the revenue-raising authority of subdivision trustees is not limited by Article X, Section 22 of the Missouri Constitution.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 25-87